UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry Leroy Scott**, (formerly SCDC # 219480), | ) C/A No. 0:06-2241-CMC-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Joseph Shaw**, Major for Kingstree Police Department; and **Mark Whitfield**, Sergeant for Kingstree Police Department, | ) |
| Defendants. | ) |

_____

This action has been filed by the plaintiff *pro se*. Plaintiff, a pre-trial detainee at the Williamsburg County Detention Center in Kingstree, South Carolina, alleges violations of his constitutional rights by the named defendants. Defendant Joseph Shaw is a Major with the Kingstree Police Department, while Defendant Mark Whitfield is a Sergeant with the Kingstree Police Department.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of plaintiff's pending criminal case in the Court of General Sessions for Williamsburg County. Plaintiff has been

1



charged with armed robbery and kidnapping, and his bond has been set at one hundred thousand dollars ($100,000).  Plaintiff has not been able to "make bond," and argues that he is being held on an "invalid warrant" because "Code" on the warrant is not the code for armed robbery.

In his prayer for relief, plaintiff requests: *(1)* payment of one hundred thousand dollars to the plaintiff and Mary Ann Wall[1] for pain and suffering; (2) that the two officers "be fired" and placed in custody; *(3)* one hundred thousand dollars in punitive damages; and *(4)* replacement of everything taken from the plaintiff's home.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of</u>

---

[1] Ms. Wall is a co-defendant in the plaintiff's criminal case.



Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3



clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, since plaintiff is challenging matters pertaining to his pending criminal case, his § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115

4



S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond"). *See* Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994 U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994); Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW®



443456 (N.D.Cal., July 29, 1994), (under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED." ).

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S. LEXIS® 1399 (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or

---

[3]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).



could be presented in an ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as North Carolina State Ports Authority v. Dart Containerline Company, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is also clear that the plaintiff has not exhausted his state remedies.  If plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal.  State v. Ard, 332 S.C. 370,



505 S.E.2d 328, 1998 S.C. LEXIS® 136 (1998).[4] It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Plaintiff's complaint also suffers from other infirmities. For example, this federal court cannot "fire" the defendants. *See* Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of

---

[4]Unrelated portions of the holding in State v. Ard have been superannuated by later case law.



that federal district court), *citing* United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, Clippinger v. United States, 364 U.S. 818 (1960). The plaintiff also lacks standing to seek criminal charges against the defendants.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(*applying* Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-1567, 1993 U.S. App. LEXIS® 18064 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970); Nader v. Saxbe, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C.Cir. 1974)(n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and United States v. Passman, 465 F. Supp. 736, 741 & n. 13 (W.D.La. 1979)("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person.").  *Cf.* Neitzke v. Williams, supra (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28



U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed). *See also* Collins v. Palczewski, 841 F. Supp. 333, 340, 1993 U.S.Dist. LEXIS® 18960 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). *Cf.* Community for Creative Non-Violence v. Pierce, 252 U.S.App.D.C. 37, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney). Since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to raise such a claim. Linda R.S. v. Richard D., supra, 410 U.S. at 619; *see also* Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981).

Finally, plaintiff also does not have standing to assert the rights of his co-defendant (Ms. Mary Ann Wall). *See* Laird v. Tatum, 408 U.S. 1 (1972). *See also* Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); and Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant). *See also* Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v.



Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others).  Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715   (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary



dismissal].

      The plaintiff's attention is directed to the Notice on the next page.

                          Respectfully submitted,

August 16, 2006                Bristow Marchant
Columbia, South Carolina      United States Magistrate Judge



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The <u>**Serious Consequences**</u><small>of a Failure to Do So</small>

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

